**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
2009 SEP 23 PM 4: 05
LORETTA G. WHYTE
CLERK

*Matthew M. Coman*
Chief, General Crimes/Fraud Unit
Assistant United States Attorney

*Hale Boggs Federal Building*
*500 Poydras Street, Second Floor*
*New Orleans, LA 70130*

*Telephone # : (504) 680-3000*
*Fax# : (504) 589-3594*

September 23, 2009

The Honorable Mary Ann Vial Lemmon
**United States District Judge**
Eastern District of Louisiana
500 Poydras Street, Chambers C406
New Orleans, Louisiana 70130

      Re:    **United States v. Elias Castellanos**
               **Criminal Docket No. 09-285 "S"**

Dear Judge Lemmon:

      In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the government[1] wishes to acknowledge the following agreement between the United States Attorney for the Eastern District of Louisiana and Elias Castellanos, the defendant in the above-captioned proceeding. Defendant's undersigned counsel, Alan Baum, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      The defendant, Elias Castellanos, has agreed to plead guilty to a one-count Bill of Information charging him with theft from a program receiving federal funds, in violation of Title 18, United States Code, Section 666(a)(1)(A). In exchange for the defendant's plea of guilty, the United States Attorney for the Eastern District of Louisiana agrees not to file any additional charges against the defendant arising out of the conduct outlined in the Bill of Information and the factual basis, unless the defendant withdraws his decision to plead guilty or violates the terms of this plea agreement.

      If the Court accepts the defendant's plea of guilty to the one-count Bill of Information, the defendant understands that he may receive up to 10 years imprisonment and a fine of not more than

---

[1] The parties acknowledge that the term "government" refers exclusively to the United States Attorney for the Eastern District of Louisiana.

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

$250,000.00 or the greater of twice the gross gain to the defendant or twice the gross loss to any person.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may at the behest of the United States void the plea agreement.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of not more than three (3) years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if he violates any of the conditions of supervised release that the Court has imposed, his supervised release may be revoked and he may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his conviction and sentence on any ground, including, but not limited to, any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his conviction or sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal any punishment imposed in excess of the statutory maximum.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the United States' position in the instant prosecution was not vexatious, frivolous or in bad faith.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. Further, the defendant agrees to pay the balance of any restitution still owed from the original amount of $900,927.00 by the date of sentencing in this matter. Failure to do so will be considered as a violation of this plea agreement.

The defendant understands that he may have the right to request DNA testing of physical evidence in the government's possession and applicable to this case pursuant to Title 18, United States Code, Sections 3600 and 3600A. Pursuant to this agreement, the defendant knowingly and voluntarily waives and relinquishes any such right and fully understands that, as a result of this waiver, the defendant will not have another opportunity to have the physical evidence in this case submitted for DNA testing or to employ the results of DNA testing to support any claim of innocence

regarding the offense to which the defendant is pleading guilty. In addition, the defendant also understands that the United States may dispose of such evidence upon the defendant's entering a plea of guilty.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or jury trial or any other hearing deemed necessary by the government to testify truthfully. Again, the defendant understands that any failure to appear and testify at any future judicial proceeding, authorizes the government to pursue any additional charges arising from the criminal activity under investigation. The defendant also understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the United States of any person he believes to be violating the law and the defendant agrees to assist the United States in the investigation and prosecution of any reported criminal conduct.

The defendant understands and agrees that in the event he violates the plea agreement (or withdraws his decision to plead guilty), any statements made by him to law enforcement agents before or after the execution of the plea agreement, any re-arraignment colloquies in connection with this case, any testimony given by him before a grand jury or any tribunal, and any leads from such statements, testimony or colloquies shall be admissible for all purposes against him in any and all criminal proceedings.

The United States agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

The defendant also understands that should he withdraw his decision to plead guilty and testify contrary to the substance of his proffer and the factual basis signed prior to the filing of the charges, or pursue a position or defense inconsistent with the substance of his proffer and factual

basis, the United States may use the substance of the proffer and the signed factual basis for any purpose, including, but not limited to, its use during the United States' case-in-chief at trial. All parties also understand that any statement or testimony given by the defendant can be used as leads or for any other reason against other persons. Furthermore, the defendant fully understands that should he commit perjury or give false statements to federal agents, any prior statements and testimony he has given can be used to prove those offenses, and he faces additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Bill of Information or any Bill of Particulars filed by the United States Attorney. The defendant agrees that any asset charged in the Bill of Information or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the United States Attorney for the Eastern District of Louisiana; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY


MATTHEW M. COMAN
Assistant United States Attorney


_____  9/23/09
ALAN BAUM                  (Date)
Attorney for the Defendant


_____  9-23-09
ELIAS CASTELLANOS          (Date)
Defendant

5